1 ANDREW R. HADEN
First Assistant U.S. Attorney
2 PATRICK C. SWAN
California Bar No. 306526
3 KATHERINE E.A. McGRATH
California Bar No. 287692
4 Assistant U.S. Attorneys
Federal Office Building
5 880 Front Street, Room 6293
San Diego, California 92101-8893
6 Telephone: (619) 546-8450
Email: Patrick.Swan@usdoj.gov
7
Attorneys for United States of America
8



FILED

JAN 2 3 2025

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

9               UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12 UNITED STATES OF AMERICA,          Case No. 24-cr-341-TWR-2

13          Plaintiff,                **PLEA AGREEMENT**
        v.
14
RUSSELL THURSTON (2),
15
            Defendant.
16

17

18      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

19 AMERICA, through its counsel, Andrew R. Haden, First Assistant U.S.

20 Attorney, and Patrick C. Swan and Katherine E.A. McGrath, Assistant

21 United States Attorneys, and Defendant RUSSELL THURSTON, with the advice

22 and consent of Deborah B. Barbier and Jeremy D. Warren, counsel for

23 Defendant, as follows:

24                              I

25                          **THE PLEA**

26      A.   The Charge

27      Defendant agrees to plead guilty to Count 1 of the Indictment,

28 charging Defendant with Conspiracy, in violation of 18 U.S.C. § 371.

Plea Agreement                         Def. Initials _RCT_
                                       24-cr-371-TWR-2

This plea must be signed and returned to the U.S. Attorney's Office for the Southern District of California before the close of business on January 6, 2025, or the offer is withdrawn without further notice.

B.   Dismissal of Remaining Count

The Government agrees to (1) move to dismiss the remaining charge without prejudice as to Defendant when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charge unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

## II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1.   There was an agreement between two or more persons to commit the crime of bribery, in violation of Title 18, United States Code, Section 201;

2.   Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3.   One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

2

Def. Initials RCT
24-cr-341-TWR-2

1. Cambridge International Systems, Inc. ("Cambridge") is a company headquartered in Arlington, Virginia. Among other activities, Cambridge provides contracting services to the United States Government and its branches including the Department of Defense ("DoD").

2. In 2013, Cambridge hired Russell Thurston ("Thurston") as Vice President of Defense and Intelligence. Thurston handled the defense and intelligence business line which involved U.S. government contracts. In 2019, Thurston was promoted to Executive Vice President of the Advanced Technologies and Services Division and continued to oversee U.S. government contracts.

3. From 2006-2019, co-conspirator James Soriano ("Soriano")(charged elsewhere) was an employee at the Naval Information Warfare Center ("NIWC") in San Diego, California, where he worked as an engineer and project lead. NIWC was a command of the United States Navy, a branch of the DoD. Soriano was also certified as a Contracting Officer Representative ("COR"). As a COR, Soriano approved contractor invoices, conducted contract performance reviews, and oversaw contractor performance, among other official duties. In this capacity, Soriano was a public official as defined in 18 U.S.C. § 201. In his role at NIWC, Soriano had the ability to influence the award of defense contracts.

4. Beginning in or before June 2014, and continuing through at least October 2019, Thurston and multiple other Cambridge employees, acting as agents for Cambridge, agreed with Soriano to provide him with a stream of benefits in exchange for beneficial treatment using his official position. Specifically, Thurston and multiple other Cambridge employees agreed, directly or indirectly, to corruptly give, offer, and promise things of value to Soriano with the intent to influence Soriano in the performance of official acts and to induce Soriano to do or omit acts in violation of his lawful duties.

5. Examples of things of value Thurston provided to Soriano as part of this improper stream of benefits during and in furtherance of the bribery conspiracy include (1)

3

Def. Initials *RCT*
24-cr-341-TWR-2

expensive meals at restaurants in San Diego which Thurston expensed to Cambridge, (2) a ticket to the 2018 Major League Baseball All-Star game in Washington, D.C., which Cambridge provided, (3) developing a job at Cambridge for Liberty Gutierrez (charged elsewhere), and arranging for her to hired at Cambridge and work remotely in San Diego.

6. In return for this stream of benefits during and in furtherance of the conspiracy, Soriano performed official acts; exerted pressure on other officials to perform official acts; and advocated before and advised other officials, knowing and intending that such advocacy and advice would form the basis for their official acts; all to advance Cambridge's business interests with regards to DoD contracts, task orders, and contracting, as questions, matters, and controversies relating to that business were brought to Soriano's attention, and as opportunities arose.

7. Examples of official acts Soriano took during and in furtherance of the conspiracy include (1) allowing Cambridge employees to draft procurement documents for and influencing the "191W Task Order" to be awarded to Cambridge, (2) allowing Cambridge employees to draft procurement documents for and influencing the "143W Task Order" to be awarded to Cambridge, and (3) influencing a series of "projects" on the 191W Task Order and 143W Task Order to be approved, thereby increasing the amount of work and funds paid to Cambridge on each task order.

8. During the course of the bribery conspiracy, Thurston received periodic bonuses from Cambridge based on his work performance. The parties agree that a portion of these bonuses – which portion the parties agree totals between $150,000 and $250,000 – was based on profits Cambridge received as a result of this bribery conspiracy and constitutes the relevant conduct for calculating gain under Sentencing Guidelines sections 2C1.1(b)(2) and 2B1.1(b)(1)(F).

//

//

4

## III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A. A maximum 5 years in prison;

B. A maximum $250,000 fine or, alternatively, if any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this alternative provision would unduly complicate or prolong the sentencing process.

C. A mandatory special assessment of $100 per count; and

D. A term of supervised release up to 3 years. Failure to comply with any condition of supervised release my result in revocation of supervised release, required defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

Defendant understands that, upon sentencing, the U.S. Attorney's Office for the Southern District of California will report Defendant's conviction to the Department of Justice's Bureau of Justice Assistance

5

Def. Initials _RCT_
24-cr-341-TWR-2

pursuant to 10 U.S.C. § 2408 for inclusion in the Defense Procurement
Fraud Department Clearinghouse database and the System for Award
Management of the General Services Administration. Defendant
understands that 10 U.S.C. § 2408 provides for a mandatory term of
debarment of at least five years, which term only be waived if the
Secretary of Defense determines a waiver is in the interests of national
security. Defendant understands that he also may be subject to
administrative action by other federal or state agencies, based upon
the conviction resulting from this Plea Agreement and upon grounds other
than 10 U.S.C. § 2408, and that this Plea Agreement in no way controls
whatever action, if any, other agencies may take. Defendant nevertheless
affirms that he wants to plead guilty regardless of the debarment or
administrative action consequences of his plea. Therefore, Defendant
waives any and all challenges to his guilty plea and to his sentence
based on the debarment or administrative action consequences of his
plea, and agrees not to seek to withdraw his guilty plea, or to file a
direct appeal or any kind of collateral attack challenging his guilty
plea, conviction, or sentence based on such consequences of his guilty
plea. However, the U.S. Attorney's Office for the Southern District of
California agrees that, if requested, it will advise the appropriate
officials of any government agency considering such administrative
action of the fact, manner, and extent of any cooperation of Defendant
as a matter for that agency to consider before determining what
administrative action, if any, to take.

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant
known to the undersigned prosecutor in this case has been turned over

6

Def. Initials *RCT*
24-cr-341-TWR-2

to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.     Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.     No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.     No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.     Defendant is pleading guilty because Defendant is guilty and for no other reason.

//

//

7

Def. Initials *RCT*
24-cr-341-TWR-2

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines ("Guidelines") and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence investigation report be prepared.** Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by

8

Def. Initials _RCT_
24-cr-341-TWR-2

statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | | |
|---|---|---|---|
| 1. | Base Offense Level [§ 2C1.1(a)(2)] | | 12 |
| 2. | More than One Bribe [§ 2C1.1(b)(1)] | | +2 |
| 3. | Value of the Benefit to Defendant [§§ 2C1.1(b)(2) and 2B1.1(b)(1)(F)] | | +10 |
| 4. | Acceptance of Responsibility [§ 3E1.1] | | -3 |
| 5. | Zero Point Offender [§ 4C1.1(a)]* | | -2 |

* At the time of sentencing, if Defendant meets all of the criteria of USSG § 4C1.1(a), then the United States will recommend an two-level downward adjustment for Zero Point Offender.

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in

9

Def. Initials *RCT*
24-cr-341-TWR-2

conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. For example, a request for a downward adjustment for minor role under USSG § 3B1.2. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. GOVERNMENT RECOMMENDATION REGARDING CUSTODY

The Government will recommend that Defendant be sentenced within the advisory guideline range as calculated by the Government at the time of sentencing.

10

Def. Initials _RCT_
24-cr-341-TWR-2

G.   SPECIAL ASSESSMENT, FINE, RESTITUTION, AND FORFEITURE

     1.   Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100 to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

     2.   Fine

The Government will recommend that the Court impose a fine. The Government will recommend a fine at the low end of the applicable fine guideline range as calculated by the Government at the time of sentencing. Any payment schedule for a fine imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any fine. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time.

The fine shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of his tax returns until the fine is paid in full and will promptly execute any documents necessary to carry out this authorization.

11

Def. Initials _RCT_
24-cr-341-TWR-2

Not later than 30 days after execution of the plea agreement, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000. These include all assets and financial interests in which Defendant has an interest (or had an interest prior to October 2019, direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to any third party since October 2019, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets.

From the date this plea agreement is executed until the fine is paid in full, Defendant shall immediately notify the Forfeiture and Financial Litigation Section of the United States Attorney's Office of any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, including any interest obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

Defendant shall immediately notify the Financial Litigation Unit of the United States Attorney's Office of any material change in Defendant's financial condition.

Defendant understands that the fine is delinquent until paid in full. Until the fine is paid in full, Defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to Defendant will be offset and applied to pay

12

Defendant's unpaid fine. Defendant consents to the entry of the fine into TOP and waives all rights to contest any offsets until the full amount of the fine is satisfied.

### 3. Restitution

The parties will jointly recommend the Court not impose restitution as to this Defendant. Cambridge provided work on the contracts and the determination of any loss to the victim(s) would be unduly burdensome and complicated to determine and would unduly delay sentencing.

### 4. Forfeiture

The Government is not seeking forfeiture from this Defendant based upon the significant forfeiture imposed and being paid in the related *United States v. Cambridge International Systems, Inc.*, 24-cr-759-TWR.

### H. SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, and criminal forfeiture judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction of Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received

13

Def. Initials *RCT*
24-cr-341-TWR-2

ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.  Failing to plead guilty pursuant to this agreement;

2.  Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.  Failing to appear in court;

4.  Attempting to withdraw the plea;

5.  Failing to abide by any court order related to this case;

6.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

//

//

//

14

Def. Initials _RCT_

1       If Defendant breaches this plea agreement, Defendant will not be

2  able to enforce any provisions, and the Government will be relieved of

3  all its obligations under this plea agreement. For example, the

4  Government may proceed to sentencing but recommend a different sentence

5  than what it agreed to recommend above. Or the Government may pursue

6  any charges including those that were dismissed, promised to be

7  dismissed, or not filed as a result of this agreement (Defendant agrees

8  that any statute of limitations relating to such charges is tolled

9  indefinitely as of the date all parties have signed this agreement;

10  Defendant also waives any double jeopardy defense to such charges). In

11  addition, the Government may move to set aside Defendant's guilty plea.

12  Defendant may not withdraw the guilty plea based on the Government's

13  pursuit of remedies for Defendant's breach.

14       Additionally, if Defendant breaches this plea agreement: (i) any

15  statements made by Defendant, under oath, at the guilty plea hearing

16  (before either a Magistrate Judge or a District Judge); (ii) the factual

17  basis statement in Section II.B in this agreement; and (iii) any

18  evidence derived from such statements, are admissible against Defendant

19  in any prosecution of, or any action against, Defendant. This includes

20  the prosecution of the charge(s) that is the subject of this plea

21  agreement or any charge(s) that the prosecution agreed to dismiss or

22  not file as part of this agreement, but later pursues because of a

23  breach by the Defendant. Additionally, Defendant knowingly,

24  voluntarily, and intelligently waives any argument that the statements

25  and any evidence derived from the statements should be suppressed,

26  cannot be used by the Government, or are inadmissible under the United

27  States Constitution, any statute, Rule 410 of the Federal Rules of

28

15

Def. Initials RCT
24-cr-341-TWR-2

Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

16

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ANDREW R. HADEN
First Assistant U.S. Attorney

January 6, 2025
DATED

PATRICK C. SWAN
KATHERINE E.A. McGRATH
Assistant U.S. Attorneys

1/5/2025
DATED

s/ *Deborah Barbier/Jeremy Warren*

DEBORAH B. BARBIER
JEREMY D. WARREN
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

01/05/2025
DATED

RUSSELL THURSTON
Defendant

Approved By:

/s George Manahan
GEORGE MANAHAN
Assistant U.S. Attorney

Plea Agreement

Def. Initials RCT
24-cr-341-TWR-2